# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CARLOS WILLIAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 1:17-cv-00090 |
| | )        REEVES/STEGER |
| PAMELA C. HARNEY, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

Carlos Williams, acting *pro se*, filed this action against multiple defendants. Williams is apparently unhappy with rulings made in state court child support hearings.

Defendant Tennessee Department of Human Services (DHS) moves to dismiss the Complaint asserting this court lacks subject matter jurisdiction over Williams' claims. For the reasons that follow, defendant's motion is granted and this action dismissed in its entirety, with prejudice.

## I. Background

Williams filed a Complaint against thirteen (13) individuals and DHS. The Complaint consists of a single paragraph:

> Comes now i [sic], the aggrieved; Carlos Williams claim that all said wrongdoers infringed, trespassed, harmed and caused injury to i [sic] and my person; my property under the fifth amendment and my common law rights. Compensation due for continual said wrongs: nine-million dollars.

[R. 1].

Because the Complaint does not include any specific allegations, Magistrate Judge Christopher H. Steger held a case management conference on August 17, 2017. Williams appeared at the hearing and was asked to clarify his claims for the court. It appears that the Hamilton County Circuit Court entered orders of child support that Williams disagrees with. Following the hearing, DHS moved to dismiss the Complaint for lack of subject matter jurisdiction. Williams responded in writing asserting a violation of his "freedom to contract" under 8 U.S.C. § 1324c(1)(2)(5) [Bringing in and Harboring Aliens] and the Fifth and Fourteenth Amendments. He also attempts to state a claim for fraud under state law.

### III. Discussion

A party may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Under Rule 12(b)(1), a motion to dismiss based on lack of subject matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis jurisdiction" *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). In this case, DHS has asserted a facial attack on plaintiff's assertion of this court's subject matter jurisdiction.

In considering whether to dismiss a complaint for lack of subject matter jurisdiction, the plaintiff bears the burden of providing the existence of subject matter jurisdiction. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2006). A plaintiff, even one who is proceeding *pro se*, must comply with the basic requirements set forth in Rule 8(a), which requires that a pleading contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." *Bryant v. U.S. Atty, Gen.*, 2006 WL 2612730 at *1 (E.D.Tenn. Sept 8, 2006). Additionally, a plaintiff is prohibited from "simply

referencing a federal statute or constitutional provision" in order to invoke the limited jurisdiction of a federal court. *Id.* at *3.

Sections 1331 and 1332 set forth the statutory bases for this court's subject matter jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Section 1332 applies to case arising under diversity jurisdiction. The rules for diversity jurisdiction are straightforward. Pursuant to Section 1332, there must be complete diversity of citizenship in order for this court to have subject matter jurisdiction. Diversity jurisdiction has been interpreted to require complete diversity between the parties; the plaintiff cannot be a citizen of the same state as any other defendant. *See Caudill v. North Am. Media Corp*., 200 F.3d 914, 916 (6th Cir. 2000). In a case with "multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same state as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 US. 546, 553 (2005). Upon the court's review of the complaint, all parties except one defendant reside or do business in the state of Tennessee. Accordingly, this is not a case in which diversity of citizenship may give rise to federal jurisdiction.

Section 1331 governs "federal question jurisdiction, which requires a plaintiff to plead a colorable claim that arises under the United States Constitution or federal statutes enacted by Congress." In his pleadings, Williams cites federal statutes and Constitutional Amendments as a basis for this court's jurisdiction. Accordingly, the court will review the Complaint and Williams' allegations to see if subject matter jurisdiction is properly conferred on this court under Section 1331.

3

Construing the Complaint in the most favorable light to Williams, the court finds that the claims and allegations do not meet the minimal, liberal pleading requirements of Rule 8(a) in regard to subject matter jurisdiction. From the face of the complaint, and Williams' response to DHS's motion to dismiss, it appears that plaintiff's claims against defendants arise out of child support proceedings involving plaintiff and the individuals involved in those proceedings. Thus, Williams' Complaint attempts to invoke this court's federal question jurisdiction to analyze and resolve claims related to state court proceedings and against state judicial officers and private actors.

Such allegations are insufficient to establish this court's subject matter jurisdiction over plaintiffs' claims because simply referencing constitutional provisions or federal statutes is insufficient to establish subject matter jurisdiction. *Wilder v. Swann*, 2011 WL 4860041 at *4 (E.D.Tenn. Oct. 13, 2011). Moreover, Williams' Complaint does not contain any allegation against any defendant that explains, within the requirements of Rule 8(a), why this court has subject matter jurisdiction over plaintiff's claims. Williams, even though he is proceeding *pro se*, must comply with these basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Generally, federal courts have no jurisdiction over domestic relations matters. *Danforth v. Celebrezze*, 76 Fed Appx. 615, 616 (6th Cir. 2003). Rather, state courts have exclusive jurisdiction over these matters. *Id.* The reason for this is because:

> The field of domestic relations involves local problems peculiarly suited to state regulation and control, and peculiarly unsuited to control by federal courts. The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not the laws of the United States. Because state courts historically have decided these matters,

4

they have developed a proficiency and expertise in these cases and a strong interest in disposing of them. Some states now have specialized courts which adjudicate only domestic relations cases and are better suited to process the large volume of such cases.

*Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981) (internal citations omitted). Accordingly, even when brought under the guise of a federal question, a suit whose substance is domestic relations generally will not be entertained in a federal court. *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973).

Having reviewed the Complaint in this action, the court concludes that this action is essentially a domestic relations dispute. Therefore, based on the domestic relations exception, the court lacks subject matter jurisdiction over this action.

## IV. Conclusion

In light of the foregoing, defendant's motion to dismiss [R. 27] is **GRANTED**, and this action is **DISMISSED in its entirety, with prejudice.**

**ORDER TO FOLLOW.**

_____
**UNITED STATES DISTRICT JUDGE**